**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6800**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALBERT E. PARISH, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Richard Mark Gergel, District Judge. (2:07-cr-00578-RMG-1)

Submitted: September 28, 2020                    Decided: December 22, 2020

Before MOTZ and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Cameron J. Blazer, Esquire, BLAZER LAW FIRM, Mount Pleasant, South Carolina, for Appellant. Peter M. McCoy, Jr., United States Attorney, Columbia, South Carolina, Nathan S. Williams, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Albert E. Parish, Jr., a federal prisoner, appeals from the district court's orders denying Parish's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239, and denying reconsideration. Parish applied for immediate compassionate release based on his COVID-19 diagnosis; his many other health conditions, including arteriosclerosis, atrial fibrillation, hypertension, obesity, diabetes, and kidney disease; and his age of 63. The district court denied Parish relief because Parish's prison medical records reflected that his COVID-19 symptoms were mild, and Parish had not otherwise established "extraordinary and compelling reasons" for compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i).

The district court did not address the BOP's internal guidance on compassionate release. Without determining that failure to consider such guidance was erroneous, and without suggesting any outcome of any such consideration, we vacate and remand for the district court to consider any relevant guidance on compassionate release from the Department of Justice. *See, e.g.*, *United States v. Wise*, No. 1:18-cr-00072-ELH-3, 2020 WL 2614816, at *7 (D. Md. May 22, 2020) ("[J]ust last week, the Department of Justice adopted the position that any inmate who suffers from the chronic conditions associated with severe illness from COVID-19 are eligible for compassionate release.").

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*